FILED

2006 Mar-24  PM 03:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN   DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                        **CR 05-PT-61-S**

**JEWELL C. "CHRIS" McNAIR**
**GRADY R. "ROLAND" PUGH**
**JOSEPH E. "EDDIE" YESSICK**
**ROLAND PUGH CONSTRUCTION, INC.**
**BOBBY J. RAST**
**DANIEL B. "DANNY" RAST,**
**RAST CONSTRUCTION, INC.**
**FLOYD W. "PAT" DOUGHERTY**
**F. W. DOUGHERTY ENGINEERING**
**& ASSOCIATES, INC.**

　　　　　　　　　**Defendants**

## MEMORANDUM OPINION
## AND
## ORDER

The Rast defendants, defendant McNair and Defendant Roland Pugh Construction

Company, Inc. have filed motions for *Brady/Giglio* disclosures.  Of course, the Government is

obligated to make *Brady* and *Giglio* disclosures.  *Giglio* applies to prosecution witnesses.  *Brady*

applies to exculpatory evidence.  *U. S. v. Jordan*, 316 F.3d 1215 (11th Cir. 2003) has pertinent

discussions regarding these obligations.  These include the following:

> The defendant's right to the disclosure of favorable evidence,
> however, does not "create a broad, constitutionally required right of
> discovery." *Bagley*, 473 U.S. at 675 n. 7, 105 S.Ct. at 3380 n. 7.
> Indeed, a "defendant's right to discover exculpatory evidence does not
> include the unsupervised right to search through the [government's]
> files," *Pennsylvania v. Ritchie*, 480 U.S. 39, 59, 107 S.Ct. 989, 1002,
> 94 L.Ed.2d 40 (1987), nor does the right require the prosecution to

deliver its entire file to the defense. *See Agurs*, 427 U.S. at 109, 96 S.Ct. at 2400. Rather, *Brady* obligates the government to disclose only favorable evidence that is "material." The "touchstone of materiality is a 'reasonable probability' of a different result." *Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995). Accordingly, under *Brady*, the government need only disclose during pretrial discovery (or later, at the trial) evidence which, in the eyes of a neutral and objective observer, could alter the outcome of the proceedings. Not infrequently, what constitutes *Brady* material is fairly debatable. In such cases, the prosecutor should mark the material as a court exhibit and submit it to the court for in camera inspection. *See Buckley*, 586 F.2d at 506 (citing *Agurs*, 427 U.S. at 106, 96 S.Ct. at 2399).

*U.S. v. Jordan,* 316 F.3d 1215, 1251-1252 (11th Cir. 2003).

. . . .

The Supreme Court in *Bagley* explained that:

An interpretation of *Brady* to create a broad, constitutionally required right of discovery "would entirely alter the character and balance of our present systems of criminal justice." Furthermore, a rule that the prosecutor commits error by any failure to disclose evidence favorable to the accused, no matter how insignificant, would impose an impossible burden on the prosecutor.

*U.S. v. Jordan,* 316 F.3d 1215, 1252 n.80 (11th Cir. 2003).

See Footnote 81 in *Jordan* for further illumination.

*Jordan* also states:

As the Supreme Court observed, in reversing the D.C. Circuit in *Agurs*:

The Court of Appeals appears to have assumed that the prosecutor has a constitutional obligation to disclose any information that might affect the jury's verdict. That statement of a constitutional standard of materiality approaches the "sporting theory of justice" which the Court expressly rejected in *Brady*. For a jury's appraisal of a case "might" be affected by an improper or trivial consideration as well as by evidence giving rise to a legitimate doubt on the issue of guilt. If everything that might influence a jury must be disclosed, the only way a prosecutor could discharge his constitutional duty would

be to allow complete discovery of his files as a matter of routine practice.

Whether or not procedural rules authorizing such broad discovery might be desirable, the Constitution surely does not demand that much.

427 U.S. at 108-09, 96 S.Ct. at 2400 (footnotes omitted).

In *U. S. V. Valera*, 845 F.2d 923, 927-928 (11 th Cir. 1988), the court stated:

Occasionally, it is appropriate for judges to examine personally government files to satisfy *Brady*, *Giglio*, or the Jencks Act. *See United States v. Griggs*, 713 F.2d 672 (11th Cir.1983) (rejecting idea that, unless the prosecution has doubts as to the non-existence of Brady material, a district judge has no power to conduct an *in camera* inspection). Generally, however, trial judges are not required to examine personally government files. *Gaston*, 608 F.2d at 612. How the trial court proceeds to enforce disclosure requirements is largely a matter of discretion to be exercised in light of the facts of each case.

*U.S. v. Valera*, 845 F.2d 923, 927 (11th Cir. 1988).

. . . .

First, "[t]he purpose of *Brady* is to assure that the accused will not be denied access to exculpatory evidence known to the government but unknown to him···· [T]here is no *Brady* violation when the accused or his counsel knows before trial about the allegedly exculpatory information and makes no effort to obtain its production." *United States v. Cravero*, 545 F.2d 406, 420 (5th Cir.1976), *cert. denied*, 430 U.S. 983, 97 S.Ct. 1679, 52 L.Ed.2d 377 (1977); *see also United States v. Prior*, 546 F.2d 1254, 1259 (5th Cir.1977) ("[N]umerous cases have ruled that the government is not obliged under Brady to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself.").

*U.S. v. Valera*, 845 F.2d 923, 927-928 (11th Cir. 1988).  *Also see U. S. V. Vallejo*, 297 F.3d 1164 (11 th Cir. 2002) and *U. S. V. Quinn*, 123 F.3d 1415 (11 th Cir. 1997).

In addition to making blanket general *Giglio* and *Brady* requests, the defendants make

further general requests for any information which will help them with their defense.[1]  In other

---

[1] Calling something which is general "specific" does not make it so.

words, anything which will help show that payments were loans or gifts or that they were not intended to be bribes.  There is no suggestion of any specific material of this nature that the Government may have that it has not disclosed.  Observations of the defendants have not triggered any obligation of this court other than to order compliance with *Giglio* and *Brady*.  Some of the requests are of the type which were not only rejected but criticized by *Jordan*.

The Government is reminded of its obligations. The court doubts whether the general opinions of some with regard to the general guilt or innocence of a defendant would be admissible.  Further,  the fact that some who may be guilty have not been prosecuted would not necessarily be admissible.  The situation may vary, of course, depending on whether a person will or will not be called as a witness by the Government.  Nothing this court has said should undermine the Government's own recognition of its obligations.  The motions are otherwise **DENIED**.

**DONE** and **ORDERED** this the 24th day of March, 2006.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**